UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALEXA LEWIS and HEATHER PAWLUS, <br><br> Plaintiffs, <br><br> v. <br><br> JAJA RESTAURANT aka <br> HB CLE 2407 LORAIN LLC and <br> DAN WHALEN, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) **JURY DEMAND** <br> **ENDORSED HEREON** |

# COLLECTIVE ACTION COMPLAINT
## FOR UNPAID MINIMUM WAGES

Plaintiffs Alexa Lewis ("Lewis") and Heather Pawlus ("Pawlus") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, allege as follows for their Complaint against Defendants Jaja Restaurant aka HB CLE 2407 Lorain LLC ("Jaja") and Dan Whalen ("Whalen") (collectively "Defendants"):

1. Plaintiffs worked for Defendants within the last two years.

2. Lewis worked for Defendants as a server, and her rate of pay was the Ohio tipped minimum wage rate.

3. Pawlus worked for Defendants as a server, and her rate of pay was the Ohio tipped minimum wage rate.

4. Jaja is an Ohio limited liability company, which did business in Cuyahoga County, Ohio during Plaintiffs' employment.

5. Jaja's revenues exceeded $500,000 per year during Plaintiffs' employment with Defendants.

6. Jaja is an enterprise engaging in interstate commerce.

7.  Whalen was an owner and manager of Jaja during Plaintiffs' employment.

8.  Walen acted directly or indirectly in the interest of Jaja in relation to Plaintiffs and similarly situated employees.

9.  Walen had operational control of Jaja.

10. Walen was involved in the day-to-day operation of Jaja, had some direct responsibility for the supervision of Plaintiffs and similarly situated employees, and was directly involved in making decisions concerning the payment (and non-payment) of wages to Plaintiffs and similarly situated employees.

11. Walen had an economic interest in not paying Plaintiffs and similarly situated employees minimum wage for all hours worked.

12. Defendants were the employers of Plaintiffs and similarly situated employees.

13. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint.

14. This Court has personal jurisdiction over the parties to this action.

15. Venue is proper in the Northern District of Ohio because Defendants conducted activity that gives rise to the claim for relief in this district and because part of the claim for relief arose in this district.

16. Plaintiffs consent to become party plaintiffs in this action and have attached their written consent hereto as Exhibit A.

17. Defendants required Plaintiffs and similarly situated employees to perform off-of-the-clock work for which they were not paid anything by Defendants.

18. Upon information and belief, in violation of 29 CFR 531.54(c), Defendants required Plaintiffs and similarly situated employees to participate in an illegal tip pool by taking

more than 35% of their tips and distributing the money to management and other employees who are not legally allowed to participate in tip pools.

19. In violation of 29 CFR 531.56(f), Defendants only paid Plaintiffs and similarly situated employees the tipped minimum wage, instead of the full minimum wage, to perform numerous duties that are not typically performed by a server, such as washing dishes, moving furniture and dusting, wrapping patio furniture away and wrapping it in a tarp with bungee cords; clean floors and bases of chairs and other work typically performed by a cleaning crew.

20. In violation of 29 CFR 531.56(f), Defendants only paid Plaintiffs and similarly situated employees the tipped minimum wage, instead of the full minimum wage, to perform directly supporting server work in excess of a continuous 30 minutes or 20% of the hours worked for the week.

21. Plaintiffs and other current and former hourly wage employees of Defendants are similarly situated, because they were subjected to Defendants' common practice and policies of (a) not paying employees for off-of-the-clock work, (b) subjecting employees to an illegal tip pool, (c) only paying the tipped minimum wage rate for work not typically performed by servers, or (d) only paying the tipped minimum wage rate for directly supporting tipped employee work in excess of a continuous 30 minutes or 20% of the hours worked for the week.

22. Plaintiffs have hired the undersigned counsel and have agreed to pay them reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

## COUNT I
## UNPAID MINIMUM WAGE

23. Plaintiffs and similarly situated employees re-allege each allegation set forth in paragraphs 1-22 above.

24. Defendants are required to comply with minimum wage requirements set forth in the Ohio Constitution, the Ohio Revised Code, and the Fair Labor Standards Act, 29 U.S.C. Sections 201, et seq.

25. Defendants have violated Section 34a, Article II of the Ohio Constitution, Ohio Revised Code Section 4111.14, and the Fair Labor Standards Act by not paying Plaintiffs and similarly situated employees at least minimum wages for all hours worked.

26. Plaintiffs and similarly situated employees have been damaged by Defendants' non-payment of minimum wages.

27. Because of Defendants' minimum wage violations, Plaintiffs and similarly situated employees are entitled to the Ohio minimum wage rate, instead of the Ohio tipped minimum wage rate, for all hours worked for Defendants.

28. In addition to being entitled to unpaid back wages, Plaintiffs and similarly situated employees are also entitled to an additional two times back wages as liquidated damages under the Ohio Revised Code or, in the alternative, liquidated damages under the Fair Labor Standards Act.

29. Defendants' conduct with regard to not paying minimum wages to Plaintiffs and similarly situated employees was willful.

30. Defendants are liable for the costs and reasonable attorney's fees of Plaintiffs and similarly situated employees pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

WHEREFORE, Plaintiffs and similarly situated employees demand judgment against Defendants for their unpaid minimum wages, liquidated damages, treble damages, post-judgment interest, interest on unpaid wages pursuant to Ohio Revised Code 4113.15, attorney's fees and costs, and all other relief to which they are entitled.

JURY TRIAL DEMANDED.

                                                                Respectfully submitted,

                                                                <u>/s/ Stephan I. Voudris</u>
                                                                Stephan I. Voudris, Esq.
                                                                Supreme Court No. 0055795
                                                                Voudris Law LLC
                                                                8401 Chagrin Road, Suite 8
                                                                Chagrin Falls, OH 44023
                                                                svoudris@voudrislaw.com
                                                                csams@voudrislaw.com
                                                                440-543-0670
                                                                440-543-0721 (fax)
                                                                *Counsel for Plaintiffs*